IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TECHNOPROBE S.P.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 24-650-JCG |
| | ) | |
| FORMFACTOR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF TECHNOPROBE S.P.A.'S PARTIAL MOTION TO DISMISS DEFENDANT FORMFACTOR INC.'S <u>COUNTERCLAIM OF NON-INFRINGEMENT</u>**

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Abhay A. Watwe
Kelly S. Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Plaintiff Technoprobe S.p.A.*

Dated: August 21, 2024

**TABLE OF CONTENTS**

|      |                                                                                                                                                 | Page |
|------|-------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | SUMMARY OF THE ARGUMENT .......................................................................................... | 1    |
| II.  | STATEMENT OF FACTS ......................................................................................................... | 2    |
| III. | ARGUMENT ............................................................................................................................ | 4    |
|      | A. FormFactor's Counterclaim for Non-Infringement of the '133 Patent Is Insufficiently Pled Under *Iqbal*/*Twombly* ...................................... | 4    |
|      | B. FormFactor's Counterclaim for Non-Infringement of the '133 Patent Fails to Identify Specific Products ..................................................... | 7    |
| IV.  | CONCLUSION ........................................................................................................................ | 8    |

## NATURE AND STAGE OF PROCEEDINGS

On May 31, 2024, Plaintiff Technoprobe, S.p.A. ("Technoprobe") filed its Complaint in this case, alleging that Defendant FormFactor, Inc. ("FormFactor") is liable for patent infringement of U.S. Patent No. 11,921,133 ("the '133 patent"). *See* D.I. 1.

On July 7, 2024, FormFactor filed its Answer to Technoprobe's Complaint ("Answer"). In its Answer, FormFactor includes counterclaims for declaratory judgement of non-infringement, invalidity, and unenforceability of one or more claims of the '133 patent. *See* D.I. 10 at ¶¶ 1-107. Of these, FormFactor's Counterclaim I seeks a declaratory judgement of non-infringement by the '133 patent and is the subject of the present motion to dismiss. *See id.* at ¶¶ 1-14.

### I. SUMMARY OF THE ARGUMENT

FormFactor's Counterclaim I for a declaratory judgement of non-infringement of the '133 patent is insufficiently pled on its face. The heightened pleading standard of *Iqbal/Twombly* applies to counterclaims, yet Counterclaim I recites legal conclusions without factual support and fails to even identify what specific products FormFactor intends Counterclaim I to reach.

Instead, FormFactor does two things. First, it recites claim 1 of the '133 patent and states the general legal conclusion that "FormFactor is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, or in any way, any valid, enforceable claim of the '133 Patent, and therefore is not liable for infringement." *See* D.I. 67 at ¶¶ 11-12.

Second, FormFactor asserts that Technoprobe fails to show infringement of certain claim elements in its Complaint. *See* D.I. 10 at ¶ 13. But asserting that Technoprobe's Complaint is insufficiently pled with respect to those claim elements is not the same as asserting facts under *Iqbal/Twombly* supporting the legal conclusion that those elements are in fact not present in FormFactor's products. If FormFactor could avoid asserting *any* of its own facts supporting non-

1

infringement by simply stating that Technoprobe's own pleadings are deficient, this would inappropriately shift FormFactor's burden to plead its counterclaim to Technoprobe. It is unquestionably FormFactor, not Technoprobe, that bears the burden of proof for its counterclaim of non-infringement. FormFactor also fails to identify which of its products it alleges do not infringe the '133 patent.

Even if the facts are viewed in the light most favorable to FormFactor, FormFactor has failed to make out a plausible claim for declaratory relief that none of its products infringe the '133 patent. FormFactor's Counterclaim I should be dismissed under F.R.C.P. 12(b)(6) for failing to state a claim upon which FormFactor is entitled to relief.

## II. STATEMENT OF FACTS

The parties in this case are the two leading probe card manufacturers. Complaint at ¶¶ 18, 23. Probe cards are used to test and characterize the performance of electronic semiconductor chips, such as central processing units (or "CPUs") "when the chip is still on the wafer or before the chip is individually packaged." *Id.* at ¶ 13.

In Technoprobe's Complaint filed May 31, 2024, Technoprobe alleges that certain of FormFactor's publicly known probe cards employing metallized guide plates, including its Apollo and Kepler products, infringe the '133 patent. *See* D.I. 1 at ¶¶ 40-74. In particular, Technoprobe alleges that these products infringe at least Claim 1 of the '133 patent, laying out specific facts supporting that allegation. *See Id.*

FormFactor submitted its Answer on July 7, 2024, seeking a counterclaim for declaratory judgement of non-infringement of the '133 patent (Counterclaim I). *See* D.I. 10 at ¶¶ 9-14. The entirety of FormFactor's counterclaim for non-infringement is reproduced below:

> 9. FormFactor incorporates by reference the foregoing paragraphs above as if fully restated herein.

2

10. Technoprobe has sued FormFactor alleging infringement of the '133 Patent, including at least claim 1.

11. Claim 1 of the '133 Patent recites:

1. A testing head configured to verify the operation of a device under test integrated on a semiconductor wafer, the testing head comprising:
a plurality of contact elements, each including a body that extends between a first end portion and a second end portion, the plurality of contact elements being a buckling beam type; and;
at least one guide including a plurality of guide holes configured to receive the contact elements,
wherein the at least one guide includes:
a first conductive portion that includes and electrically connects a first group of guide holes, of the plurality of guide holes, to each other and is configured to contact first contact elements, of the plurality of contact elements, the first contact elements being configured to carry a first type of signal; and
a tip end;
a second conductive portion that includes and electrically connects the holes of a second group of the guide holes, of the plurality of guide holes, to each other and is configured to contact second contact elements, of the plurality of contact elements, the second contact elements being configured to carry a second type of signal that is different from the first type of signal,
wherein the first conductive portion and the second conductive portion are formed on a first face of the at least one guide and are physically and electrically separated from each other by at least one non-conductive zone.

12. FormFactor is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, or in any way, any valid, enforceable claim of the '133 Patent, and therefore is not liable for infringement.

13. FormFactor does not infringe making, using, selling, offering for sale, and/or importing any products accused of infringement by Technoprobe, either literally or under the doctrine of equivalents, at least because, based on

3

> FormFactor's understanding of Technoprobe's theory of infringement, ***Technoprobe has failed to show*** that any of the accused products meet limitations requiring a "first conductive portion that includes . . . a first group of guide holes," or a "second conductive portion that includes … a second group of guides [sic] holes." ***Technoprobe's Complaint fails*** to describe or show how these claim elements allegedly are met by any FormFactor product.
>
> 14. FormFactor is entitled to a declaratory judgment that none of the asserted claims of the '133 Patent are infringed.

D.I. 10 at ¶¶ 9-14 (emphasis added).

On July 30, 2024, counsel for Technoprobe asked FormFactor to either voluntarily (1) amend its non-infringement counterclaim to plead sufficient facts to meet the *Iqbal/Twombly* standard or (2) dismiss the same counterclaim. Exhibit A at 6-7. On August 12, FormFactor responded it disagreed that its counterclaim was inadequately pled. Exhibit A at 1. On August 21, Technoprobe filed the present motion.

### III.   ARGUMENT

####   A.   **FormFactor's Counterclaim for Non-Infringement of the '133 Patent Is Insufficiently Pled Under *Iqbal/Twombly***

FormFactor's counterclaim for non-infringement of the '133 patent should be dismissed under F.R.C.P. 12(b)(6) because it provides no supporting facts, nor does it identify with any specificity the products for which FormFactor is asking this Court to affirmatively find do not infringe the '133 patent.

In short, FormFactor's Counterclaim I is framed as an allegation of Technoprobe's deficiency of proof, rather than an affirmative counterclaim supported by FormFactor's own factual allegations. It thus amounts to no more than a legal conclusion couched as a factual

4

assertion. *See, e.g., Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1033 (S.D. Iowa 2017) (granting motion to dismiss because counterclaimant's denial of facts in complaint "merely places the facts in dispute" without providing "any facts illustrating how such denials support [the counterclaimant's] non-infringement counterclaim" while finding that "[t]here is a material difference between denying factual allegations and asserting them"); *Gradient Enterprises, Inc. v. Skype Techs. S.A.*, 932 F. Supp. 2d 447, 452 (W.D.N.Y. 2013) (noting that the Court does "not believe that the level of detail required of a counterclaim should depend upon how much factual detail has been alleged in the complaint."). Merely asserting that opposing pleadings are deficient, as FormFactor does, is not the same as "pleading facts" as required in an affirmative counterclaim under *Iqbal/Twombly*. If FormFactor seeks to assert a viable counterclaim for non-infringement, it must do more than deny infringement under Technoprobe's theories; it must also plead sufficient facts to state a plausible claim for relief. *See, e.g.*, *Summers*, 300 F. Supp. 3d at 1033; *Gradient*, 932 F. Supp. 2d at 452.

Courts impose the same burden on a counterclaimant of providing factual support in ruling on a motion to dismiss under Rule 12(b)(6) as they do on a plaintiff asserting infringement in a complaint. *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, Civil Action No. 13-1987-LPS, 2014 U.S. Dist. LEXIS 118789, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898-99 (E.D. Pa. 2011) (citing cases). A counterclaim for non-infringement in this Court must therefore meet the pleading standards set forth in *Iqbal/Twombly*. *See Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, C.A. No. 12-1461-LPS-CJB, 2017 U.S. Dist. LEXIS 7201, at *14 (D. Del. Jan. 19, 2017) ("The *Twombly/Iqbal* standard should apply here to all aspects of the Second Counterclaim").

Under *Iqbal*/*Twombly*, this Court conducts a two-part analysis to evaluate a 12(b)(6) motion to dismiss. *See id.* at *7 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [] **disregard[ing] any legal conclusions**." *Fowler*, 578 F.3d at 210-11 (emphasis added). Second, the Court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

FormFactor's counterclaim for non-infringement fails both steps of the analysis because it exclusively recites legal conclusions and never pleads a fact. *See id.* at 210-11. For example, FormFactor asserts that Technoprobe's Complaint "fails to show" infringement. *See* D.I. 10, 13. ("**Technoprobe has failed to show** that any of the accused products meet limitations requiring a 'first conductive portion that includes a group of guide holes,' or a 'second conductive portion that includes a second group of guides [sic] holes' . . . **Technoprobe's Complaint fails** to describe or show how these claim elements allegedly are met.") (emphasis added). But the sufficiency or deficiency of a pleading such as Technoprobe's Complaint is, by definition, a "legal conclusion." *C.f. Fowler*, 578 F.3d at 210-11. All FormFactor asserts is that Technoprobe's Complaint does not meet an evidentiary standard—and the sufficiency of the Complaint is a matter of law governed by Federal Rule of Civil Procedure 8. *See* F.R.C.P. 8(a)(2); *Twombly*, 550 U.S. at 545.

FormFactor's gripes about Technoprobe's Complaint are markedly different from a "well-pleaded fact" such as the ones pled by Technoprobe's own claim for infringement. *See, e.g.*, D.I. 43-44 ("As shown in Exhibit F, the Accused Products include a 'Spring Head' that has two 'Guide Plate[s]' and 'Probes' configured to verify the operation of a device under test integrated on a semiconductor wafer."). By framing its pleading solely based on a characterization of

6

Technoprobe's Complaint rather than as-pled facts, FormFactor hopes to evade any accountability for what its probe cards do and do not actually include. While that may have been sufficient for an affirmative defense, FormFactor *needs to plead facts* for its counterclaims. *Compare Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013) ("*Twombly* and *Iqbal* do not apply to affirmative defenses,' which 'need not be plausible to survive.'"); *with Princeton Digital*, 2017 U.S. Dist. LEXIS at *14 (applying the *Iqbal/Twombly* standard to a non-infringement counterclaim). As pled, FormFactor's current counterclaim for non-infringement has none – and it should be dismissed for at least that reason.

      B.     **FormFactor's Counterclaim for Non-Infringement of the '133 Patent Fails to Identify Specific Products**

FormFactor's Counterclaim I is also deficient because it does not even identify which products FormFactor asserts do not infringe the claims of the '133 patent, nor does it tie any products to alleged facts supporting a finding of non-infringement. FormFactor's counterclaim thus lacks the particularity required to make it plausible. FormFactor merely states, in cursory fashion, that *FormFactor* does not infringe or, even more murkily, that "none of the asserted claims of the '133 Patent are infringed"—apparently by anybody. *See* D.I. ¶¶ 9-14. As pleaded, FormFactor's Counterclaim I purports to cover *any* product FormFactor presently offers or has developed but not yet marketed, regardless of whether Technoprobe has identified them in its Complaint. And while FormFactor makes a passing reference to the products Technoprobe accused of infringement in paragraph 13 of its Complaint, FormFactor's counterclaim is not limited to those products, nor does FormFactor ever name or identify a specific product anywhere throughout the counterclaim. FormFactor's Counterclaim I should be dismissed. *See, e.g.*, *ASUSTeK Comput. Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011) (finding "claim for a declaratory judgment of noninfringement, which fails to identify any

7

specific products, is more problematic . . . [a]bsent identification of the products accused of infringement, there is no concrete case or controversy or sufficient specificity to satisfy *Twombly* and *Iqbal*.").

The issue of product specificity is especially important here, where Technoprobe's Complaint (upon which FormFactor's counterclaim appears to be based) can only point to limited public information on a small subset of FormFactor's products based on presentations FormFactor gave at conferences, such as SWTest 2023. *See, e.g.*, D.I. 1, ¶¶ 40-74. FormFactor, on the other hand, has full knowledge of its product catalogue and those products' features. FormFactor must plead the "specific products" that it contends do not infringe any claim of the '133 patent, yet it has not yet done so.

## IV. CONCLUSION

For the foregoing reasons, Technoprobe respectfully requests that the Court dismiss FormFactor's Counterclaim Count I for a declaratory judgement of non-infringement of the '133 patent.

Respectfully submitted,

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
John C. Paul
Jennifer E. Fried
Abhay A. Watwe
Kelly S. Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

*/s/ Andrew E. Russell*
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Plaintiff Technoprobe S.p.A.*

Dated: August 21, 2024

8

## CERTIFICATE OF COMPLIANCE

    I certify that this Opening Brief in Support of Plaintiff Technoprobe S.P.A.'S Partial Motion to Dismiss Defendant Formfactor Inc.'s Counterclaim of Non-Infringement contains 2298 words as measured by the word-processing software used to prepare this brief.

|  |  |
|---|---|
| OF COUNSEL:<br>Mark Sommers<br>Houtan K. Esfahani<br>John C. Paul<br>Jennifer E. Fried<br>Abhay A. Watwe<br>Kelly S. Horn<br>Alexander E. Harding<br>Milan F. Feliciello<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>901 New York Avenue, NW<br>Washington, DC  20001-4413<br>(202) 408-4000 | /s/ Andrew E. Russell<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>arussell@shawkeller.com<br>*Attorney for Plaintiff Technoprobe S.p.A.* |

Dated: August 21, 2024