IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Technoprobe S.P.A., <br><br> Plaintiff, <br><br> v. <br><br> FORMFACTOR, INC., <br><br> Defendant. | C.A. No. 24-650-JCG |

**DEFENDANT FORMFACTOR'S ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF TECHNOPROBE'S PARTIAL MOTION TO DISMISS
FORMFACTOR'S COUNTERCLAIM OF NON-INFRINGEMENT**

<div style="display:flex">

*Of Counsel:*

T. Vann Pearce, Jr.
Steven J. Routh
Jasmine W. Zhu
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Ave. NW
Washington, D.C. 20037
(202) 339-8400

Sheryl K. Garko
Caroline Simons
Ryan Lind
Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
(617) 880-1800

Anri Nakamoto
Orrick, Herrington & Sutcliffe LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028
Japan
81 3 3224 2089

David R. Medina
Orrick, Herrington & Sutcliffe LLP
355 S. Grand Ave, Ste. 2700
Los Angeles, Ca 90071

Dated:   September 4, 2024

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant FormFactor, Inc.*

</div>

## TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ........................................................................1
INTRODUCTION AND SUMMARY OF THE ARGUMENT ......................................................1
STATEMENT OF FACTS .............................................................................................................2
ARGUMENT ..................................................................................................................................2
    I.     Legal Standard ..............................................................................................................2
    II.    Formfactor's Counterclaim For A Declaratory Judgement Of Non-Infringement Is Sufficient Under *Iqbal/Townbly* ..................................................................................3
    III.   Formfactor Has Identified Products With Sufficient Specificity.........................................9
    IV.   The Court Should Grant FormFactor Leave To Amend If Necessary ...............................11
CONCLUSION...............................................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .................................................................................................. passim

*Angelastro v. Prudential-Bache Sec., Inc.*,
   764 F.2d 939 (3d Cir. 1985) ................................................................................................ 3

*ASUSTeK Computer Inc. v. AFTG-TG LLC*,
   No. 5:CV 11-00192-EJD, 2011 WL 6845791 (N.D. Cal. Dec. 29, 2011) ......................... 10, 11

*B# On Demand LLC v. Spotify Tech. S.A.*,
   484 F.Supp.3d 188 (D. Del. 2020) ..................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. passim

*Bot M8 LLC v. Sony Corp.*,
   4 F.4th 1342 (Fed. Cir. 2021) ........................................................................................... 4, 7

*Cordance Corp. v. Amazon.com, Inc.*,
   521 F. Supp. 2d 340 (D. Del. 2007) ................................................................................... 3, 9

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ........................................................................................ 4, 7

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*,
   No. CV 23-675-WCB, 2024 WL 639991 (D. Del. Feb. 15, 2024) ....................................... 5, 6

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ............................................................................... 4

*Gradient Enterprises, Inc. v. Skype Techs. S.A.*,
   932 F. Supp. 2d 447 (W.D.N.Y. 2013) .............................................................................. 7, 8

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984) ............................................................................................................. 3

*Idenix Pharms., Inc. v. Gilead Scis., Inc.*,
   No. CV 13-1987-LPS, 2014 WL 4222902 (D. Del. Aug. 25, 2014), *report and
   recommendation adopted sub nom. Idenix Pharms., Inc v. Gilead Scis., Inc*,
   No. CV 13-1987-LPS, 2014 WL 12939571 (D. Del. Dec. 3, 2014) ....................................... 8

*MBIA Ins. Corp. v. Royal Indem. Co.*,
   294 F. Supp. 2d 606 (D. Del. 2003) ..................................................................................... 3

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*,
   571 U.S. 191 (2014)......................................................................................................6

*Phillips v. Cnty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008).......................................................................................7, 11

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*,
   No. CV 12-1461-LPS-CJB, 2017 WL 239326 (D. Del. Jan. 19, 2017), *report
   and recommendation adopted*, No. CV 12-1461-LPS-CJB, 2017 WL 1196642
   (D. Del. Mar. 30, 2017)..................................................................................................8

*Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*,
   300 F. Supp. 3d 1025 (S.D. Iowa 2017) ........................................................................7

*Technoprobe S.p.A. v. Formfactor, Inc.*,
   No. 1:23-CV-00842-JCG, 2024 WL 2271885 (D. Del. May 20, 2024)..................................3

*TSMC Tech., Inc. v. Zond, LLC*,
   No. CV 14-721-LPS-CJB, 2014 WL 7498398 (D. Del. Jan. 8, 2014) .....................................10

*Tyco Fire Prods. LP v. Victaulic Co.*,
   777 F. Supp. 2d 893 (E.D. Pa. 2011) ............................................................................8

*United Sweetener USA, Inc. v. Nutrasweet Co.*,
   760 F. Supp. 400 (D. Del. 1991)....................................................................................6

*Weyerhaeuser Co. v. Domtar Corp.*,
   61 F. Supp. 3d 445 (D. Del. 2014), *aff'd*, 721 F. App'x 186 (3d Cir. 2018) ............................3

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................................3

Federal Rule of Civil Procedure 8(a) ..........................................................................1, 2

## NATURE AND STAGE OF THE PROCEEDINGS

On May 31, 2024, Plaintiff Technoprobe S.p.A. ("Plaintiff" or "Technoprobe") filed suit against Defendant FormFactor, Inc. ("Defendant," "Counterclaimant," or "FormFactor"), asserting infringement of United States Patent No. 11,921,133 ("Asserted Patent" or "'133 patent"). On July 24, 2024, FormFactor filed its Answer and Counterclaims that include Counterclaim I for a declaratory judgement of non-infringement ("Counterclaim"), along with counterclaims for declaratory judgments of invalidity and unenforceability. On August 21, 2024, Technoprobe filed its Partial Motion to Dismiss FormFactor's Counterclaim for non-infringement ("Motion"), which is the subject of this Response.

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

FormFactor's Counterclaim for a declaratory judgement of non-infringement provides precisely the type of "short and plain statement of the claim showing that [FormFactor] is entitled to relief" and put Technoprobe on fair notice of FormFactor's claims as required by FED. R. CIV. P. § 8(a). Accepting as true the allegations of the Counterclaim, and drawing reasonable inferences in favor of FormFactor, the Counterclaim easily meets the threshold requirement of plausibly alleging non-infringement of the Asserted Patent. Accordingly, Technoprobe's Motion should be denied.

Two flaws underlie Technoprobe's arguments. First, FormFactor's pleading is not merely "a legal conclusion" that it does not infringe the '133 patent as Technoprobe contends. Rather, FormFactor alleged sufficient factual grounds including identifying certain claim limitations missing from the accused products to support its non-infringement claim. Technoprobe's contrary arguments are not supported by any on-point case law; instead, Technoprobe's positions are contrary to decisions of the Supreme Court, Federal Circuit, and this Court. Second, Technoprobe contends that the Counterclaim does not "name or identify a specific product," but this is not

required. Regardless, FormFactor *has* identified specific products in its Counterclaim by referencing to the accused products in Technoprobe's Complaint.

## STATEMENT OF FACTS

As alleged in Technoprobe's Complaint, Technoprobe and FormFactor design and manufacture probe cards that are used to test semiconductor chips. D.I. 1, ¶ 18. The Complaint asserted that "[t]he Accused Products, including without limitations, FormFactor's 'Apollo' and 'Kepler' probe cards, as well as other products that operate in similar fashion," have directly and indirectly infringed at least claim 1 of the '133 patent. *Id*., ¶¶ 41-74.

In response, FormFactor filed its Answer and Counterclaims, including the Counterclaim seeking a declaratory judgment of non-infringement. D.I. 10. In support of the Counterclaim of non-infringement, FormFactor alleged the following facts: *First,* FormFactor alleged that Technoprobe has sued FormFactor alleging infringement of the '133 patent, including at least claim 1 of the patent. *Id*., Counterclaims, ¶¶ 10-11. *Second*, FormFactor alleged that it "is not infringing, and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly" the '133 patent. *Id*., Counterclaims, ¶ 12. *Third*, FormFactor alleged that it does not make, use, sell, offer for sale, and/or import "any products accused of infringement by Technoprobe" or "accused products." *Id.*, Counterclaims, ¶ 13. *Fourth*, FormFactor specifically identified the claim limitations that the accused products do not meet: a "first conductive portion that includes . . . a first group of guide holes" and a "second conductive portion that includes ... a second group of guides holes." *Id*. *Finally*, FormFactor alleged that "any FormFactor product" does not meet these identified limitations. *Id.*

## ARGUMENT

### I.      Legal Standard

Federal Rule of Civil Procedure 8(a) requires that pleadings contain a short and plain

statement of the claim showing that the pleader is entitled to relief. *Technoprobe S.p.A. v. Formfactor, Inc.*, No. 1:23-CV-00842-JCG, 2024 WL 2271885, at *2 (D. Del. May 20, 2024) (citing Rule 8); *see also Cordance Corp. v. Amazon.com, Inc.*, 521 F. Supp. 2d 340, 345 (D. Del. 2007). The statement need not contain detailed facts, but it requires that FormFactor give Technoprobe fair notice of what the claim is and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Weyerhaeuser Co. v. Domtar Corp.*, 61 F. Supp. 3d 445, 448 (D. Del. 2014), *aff'd*, 721 F. App'x 186 (3d Cir. 2018). In considering a motion to dismiss, the court must assume the factual allegations contained in the Counterclaim to be true and draw all reasonable inferences in favor of the non-moving party FormFactor. *Technoprobe*, No. 1:23-CV-00842-JCG, 2024 WL 2271885, at *2 (citing *Twombly*, 550 U.S. at 555-56). The court may not dismiss the Counterclaim unless FormFactor can prove no set of facts which would entitle it to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985); *MBIA Ins. Corp. v. Royal Indem. Co.*, 294 F. Supp. 2d 606, 613 (D. Del. 2003).

**II.     Formfactor's Counterclaim For A Declaratory Judgement Of Non-Infringement Is Sufficient Under *Iqbal/Townbly***

Under the notice-pleading standard, FormFactor only needs to give Technoprobe fair notice of the claim of non-infringement and the grounds upon which FormFactor rests. FormFactor has done so here with respect to its Counterclaim for a declaratory judgement of non-infringement; FormFactor need not allege every factual detail to support this Counterclaim.

FormFactor's pleading is not merely "a legal conclusion" that it does not infringe the '133 patent as Technoprobe contends. D.I. 17 at 1, 4, 6. Instead, FormFactor identified the grounds for its non-infringement allegations with sufficient specificity. In particular, after alleging that it does not infringe the Asserted Patent directly or indirectly, D.I. 10, Counterclaims, ¶ 12, FormFactor

went on and alleged the grounds to support its non-infringement position: (i) FormFactor denied that it makes, uses, sells, offers to sell, and/or imports "any products accused of infringement by Technoprobe." *Id.*, Counterclaims, ¶ 13. (ii) FormFactor identified "any products accused of infringement by Technoprobe" or "accused products," which the Technoprobe's Complaint defined as "[t]he Accused Products, including without limitations, FormFactor's 'Apollo' and 'Kepler' probe cards, as well as other products that operate in similar fashion." D.I. 1, ¶ 41. (iii) FormFactor further identified exemplary claim limitations that these accused products do not meet: a "first conductive portion that includes . . . a first group of guide holes" and a "second conductive portion that includes ... a second group of guides holes." D.I. 10, Counterclaims, ¶ 13. (iv) FormFactor alleged that "any FormFactor product" does not meet these limitations. *Id.*

The Counterclaim's allegations are sufficient under decisions of the Federal Circuit and the District of Delaware. In applying *Twombly/Iqbal* to claims of infringement, the Federal Circuit has held that "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). All that is required is to "give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* The same standard governs pleading counterclaims of non-infringement as Technoprobe has acknowledged (D.I. 17 at 5). In *Disc Disease*, for example, the complaint stated a claim for infringement by identifying the accused products and alleging that the accused products meet "each and every element of at least one claim of the [asserted] Patent, either literally or equivalently." *Id.* These disclosures and allegations were enough to provide fair notice of infringement. *Id.* FormFactor in this case, by identifying specific limitations that its products do not meet in its non-infringement claim, has done more than what is required by the Federal Circuit in cases like *Disc Disease*. *See also Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)

(holding that "[a] plaintiff is not required to plead infringement on an element-by-element basis," and "that approach is unsupported and goes beyond the standard the Supreme Court articulated in *Iqbal* and *Twombly*.")

In a recent District of Delaware decision, the Court found that allegations of identifying specific limitations missing from the accused products, as FormFactor did here, are sufficient to plead a declaratory judgment of non-infringement. *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, No. CV 23-675-WCB, 2024 WL 639991, at *3 (D. Del. Feb. 15, 2024) ("identif[ying] particular limitations that its product does not satisfy, [a]lthough [being] part of [counterclaimant's] overall legal assertion of non-infringement, it is sufficiently factual in nature to go beyond simply setting forth a barebones legal conclusion that [counterclaimant's] product does not infringe."). Here, the Counterclaim has put Technoprobe on fair notice by identifying particular limitations that the FormFactor accused products do not satisfy: a "first conductive portion that includes . . . a first group of guide holes" and a "second conductive portion that includes ... a second group of guides holes." D.I. 10, Counterclaims, ¶ 13. As the *DSM IP* court noted, "given that the 'plausibility' standard is not an exacting one, [FormFactor's] references to the particular limitations that are assertedly missing from its product constitute sufficiently specific allegations of fact in support of [counterclaimant]'s denial of infringement to satisfy the pleading standards set forth in *Twombly* and *Iqbal*." *DSM IP*, No. CV 23-675-WCB, 2024 WL 639991, at *3; *see also id*. at *3 n.1 ("[counterclaimant's] denial that its product contains certain identified features in the claim limitations, however, renders its allegations more factual than legal in nature"). Thus, like in *DSM IP*, FormFactor has made factual allegations with particularity to support its non-infringement claim.

Technoprobe's sole focus on the language "Technoprobe has failed to show" and

"Technoprobe's Complaint fails" in the Counterclaim (D.I. 17 at 6) misses the point. Even if the Counterclaim alleges "Technoprobe's deficiency of proof" or that "opposing pleadings are deficient," *id.* at 4-5, this type of allegations does not make the Counterclaim less sufficient or convert factual allegations to mere conclusions of law. FormFactor pleaded that "based on FormFactor's understanding of Technoprobe's theory of infringement, Technoprobe has failed to show that *any of the accused products meet limitations requiring a 'first conductive portion that includes . . . a first group of guide holes,' or a 'second conductive portion that includes ... a second group of guides holes*'" (emphasis added). These are the type of factual allegations the *DSM IP* court has ratified. Accepting as true these factual allegations in the Counterclaim, and drawing reasonable inferences in favor of FormFactor, FormFactor has alleged sufficient facts to support a right to relief under *Twombly/Iqbal*, because it shows that Technoprobe will fail to meet its burden of proving infringement.

Technoprobe's incorrect argument seems to be premised on conflating the burdens of pleading and proof. Technoprobe states, "[i]t is unquestionably FormFactor, not Technoprobe, that bears the burden of proof for its counterclaim of non-infringement" (D.I. 17 at 1-2), but cites no case law supporting that proposition, and in fact this is an incorrect statement of the law. The patentee, like Technoprobe here, always bears the burden of proof for infringement, whether infringement is put at issue in an infringement claim or a declaratory counterclaim of non-infringement. *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 198 (2014) (reversing Federal Circuit's holding that a declaratory judgment plaintiff will bear the burden of proof to show noninfringement where it brings a declaratory judgment action, and holding that the patentee always bears the burden of proving infringement).[1] Accordingly, accepting as true

---

[1] *See also United Sweetener USA, Inc. v. Nutrasweet Co.*, 760 F. Supp. 400, 417 (D. Del. 1991) ("In a declaratory judgment action where the plaintiff pleads non-infringement, the patentee-defendant still has

FormFactor's factual allegations that Technoprobe's infringement theory fails as to two claim elements of the sole asserted claim, FormFactor has sufficiently stated a claim for declaratory judgment of non-infringement.

The cases that Technoprobe cited do not support dismissal of FormFactor's Counterclaim. Technoprobe relies upon two out-of-district cases, *Summers* and *Gradient*, to support its position that FormFactor's allegations amount to no more than a legal conclusion. D.I. 17 at 4-5. Besides not being the controlling law, the facts in both cases are also distinguishable. Initially, neither case held that a declaratory judgment counterclaimant must do more than identifying limitations for which the patentee will fail to prove infringement; that is, neither case supports the higher pleading standard Technoprobe proposes. In *Summers*, instead of pointing out "particular limitations," the counterclaimant denied infringement allegations regarding "*one or more limitations of each independent claim* of the '439 [and '737] Patent[s], including claim 1, which is the only claim alleged in the Complaint." *Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1033 (S.D. Iowa 2017) (emphasis added). There, the district court reasoned that the allegations lacked specificity. *Id*.[2] But here, FormFactor has, by specifically pointing out the particular limitations missing from its accused products, put Technoprobe on fair notice of facts it specifically intends to rely upon for its non-infringement counterclaim.

Further, Technoprobe's quotation from *Gradient* merely provides that at the time Form 18 controlled the necessary level of detail to plead a counterclaim of direct non-infringement, a counterclaimant was not required to plead more detail than what Form 18 required. *Gradient*

---

the burden of proving infringement."); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 246 (3d Cir. 2008) ("Standards of pleading are not the same as standards of proof.").

[2] Even on its own facts, *Summers* is questionable authority given the Federal Circuit's subsequent decisions in *Disc Disease* and *Bot M8*, discussed above, which did not require limitation-by-limitation pleading.

*Enterprises, Inc. v. Skype Techs. S.A.*, 932 F. Supp. 2d 447, 452 (W.D.N.Y. 2013) ("a defendant seeking a declaration of non-infringement *can hardly be expected* to plead facts supporting such a judgment in much detail"; "the defendant can *do little more*, at the pleading stage, *than deny* the plaintiff's allegations"). Form 18 was eliminated by the 2015 amendments to the Federal Rules of Civil Procedure, so the holding of *Gradient* is no longer relevant in any respect.

Technoprobe also cites *Idenix*, *Tyco Fire Prods.*, and *Princeton Digital* to support the proposition that a counterclaimant has the same burden of providing factual support in a pleading as an infringement claimant. D.I. 17 at 5. Other than providing that the same standard governs pleading counterclaims, these cases are, however, irrelevant to the analysis here. *Idenix* and the out-of-district case *Tyco Fire Prods.* discussed pleading counterclaims of *invalidity or unenforceability* rather than non-infringement. *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, No. CV 13-1987-LPS, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014), *report and recommendation adopted sub nom. Idenix Pharms., Inc v. Gilead Scis., Inc*, No. CV 13-1987-LPS, 2014 WL 12939571 (D. Del. Dec. 3, 2014) (discussing counterclaims for declaratory judgment of invalidity of the asserted patents); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 895, 904 (E.D. Pa. 2011) (discussing counterclaims of invalidity or unenforceability).

The facts of *Princeton Digital* are also distinguishable. The entire Second Counterclaim seeking a declaratory judgment of non-infringement read:

> "28. The allegations of Paragraphs 1-27 of the Counterclaims are incorporated by reference as if fully set forth herein.
> 29. Harmonix and EA have not infringed and are not infringing, either directly or indirectly, nor have the[y] contributed to or induced infringement by others, of any valid claim of the '129 patent, either literally or under the doctrine of equivalents.
> 30. Accordingly, Harmonix and EA are entitled to a declaratory judgment that they have not infringed and do not infringe the '129 patent."

*Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, No. CV 12-1461-LPS-CJB, 2017 WL

239326, at *5 (D. Del. Jan. 19, 2017), *report and recommendation adopted*, No. CV 12-1461-LPS-CJB, 2017 WL 1196642 (D. Del. Mar. 30, 2017). FormFactor's Counterclaim, however, went further and alleged Paragraph 13 which points out particularly limitations missing from the accused products, and thereby set out facts sufficient under *Iqbal/Twombly*.

In short, Technoprobe has no basis to demand that FormFactor meet a higher pleading standard than what prior decisions of the Federal Circuit and the District of Delaware have required under *Iqbal/Twombly*. Its motion should be denied.

**III.    Formfactor Has Identified Products With Sufficient Specificity**

FormFactor has sufficiently identified products in its Counterclaim. As an initial matter, contrary to what Technoprobe contends, by alleging that the accused products do not meet certain claim limitations, the Counterclaim has specifically "tie[d] [its] products to alleged facts." D.I. 17 at 7. Further, contrary to Technoprobe's request of "nam[ing] or identify[ing] a specific product," courts have found that a "[counterclaimant] need not identify, in its counterclaim, specific products by name, so long as they are sufficiently described in some way." *Cordance*, 521 F. Supp. 2d at 345 (rejecting argument that defendant's declaratory judgment counterclaim for infringement of its patent by the plaintiff was deficient for not specifically naming the plaintiff's accused product).

Even though not required, FormFactor has identified specific products in its Counterclaim: "FormFactor does not infringe making, using, selling, offering for sale, and/or importing any products accused of infringement by Technoprobe…"; "Technoprobe has failed to show that any of the accused products meet limitations…" D.I. 10, Counterclaims, ¶ 13. The "accused products" appeared in Technoprobe's Complaint which defines that "[t]he Accused Products, including without limitations, FormFactor's 'Apollo' and 'Kepler' probe cards, as well as other products that operate in similar fashion," have directly and indirectly infringed at least claim 1 of the '133 patent. D.I. 1, ¶ 41. The Counterclaim alleges "Technoprobe's Complaint fails to describe or show how

these claim elements allegedly are met by any FormFactor product," (D.I. 10, Counterclaims, ¶ 13), consistent with the scope of the accused products in Technoprobe's Complaint and FormFactor's Counterclaim. Technoprobe knows full well what are the "accused products" or "any FormFactor product" as referred to in the Counterclaim. FormFactor need not specify further what they are to put Technoprobe on fair notice of the basis of FormFactor's claims.  Technoprobe's odd position that a declaratory judgment counterclaim commensurate in scope with the infringement claim to which it responds somehow fails to provide notice of what is at issue does not make sense.

Indeed, courts have found referencing the accused products in a prior action sufficient. FormFactor's reference to the accused products in Technoprobe's Complaint is similar to that in *TSMC* where the court found sufficient. In *TSMC,* "Plaintiffs [of a declaratory judgement of non-infringement action] have identified "the same accused products and processes that Zond is accusing in the [First TSMC Massachusetts Action]." *TSMC Tech., Inc. v. Zond, LLC*, No. CV 14-721-LPS-CJB, 2014 WL 7498398, at *6 (D. Del. Jan. 8, 2014). And the court found that the allegations in the declaratory judgement are sufficient. *Id*. Similarly here, FormFactor referenced the "accused products" from Technoprobe's Complaint which is also sufficient. If Technoprobe contends that FormFactor "does not even identify which products FormFactor asserts do not infringe the claims of the '133 patent" by referencing the "accused products" in the Counterclaim (D.I. 17 at 7-8), Technoprobe must concedes that its Complaint is also insufficiently pled.

*ASUSTeK* as cited by Technoprobe is distinguishable. In that case, plaintiffs "fail[ed] to identify *any* specific products" in their declaratory judgement of non-infringement. *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011) (emphasis added). Particularly, plaintiffs simply alleged that "Plaintiffs' products

and activities have not and do not infringe, induce infringement or contribute to the infringement by others of any claim of" the asserted patents. *ASUSTeK*, No. 5:CV 11-00192-EJD, Dkt. 1, ¶¶ 37, 48, 59, 70, 81, 92, 103, 114, 125, 136, 147, 158. This is a broad and vague allegation without identifying or even mentioning any accused products. Contrarily here, FormFactor's Counterclaim has alleged sufficient detail regarding the accused products to provide Technoprobe with fair notice.

## IV. The Court Should Grant FormFactor Leave To Amend If Necessary

Should the Court deem it necessary to dismiss any part of the Counterclaim, FormFactor respectfully requests that any such dismissal be without prejudice and FormFactor be permitted to amend the Counterclaim, consistent with this Circuit's standard practice. *See, e.g., Phillips*, 515 F.3d at 245; *B# On Demand LLC v. Spotify Tech. S.A.*, 484 F.Supp.3d 188, at *206 (D. Del. 2020) ("A district court should freely give leave to amend a complaint 'when justice so requires.'"). Technoprobe did not request dismissal with prejudice.

## **CONCLUSION**

For the foregoing reasons, Technoprobe's Partial Motion to Dismiss should be denied.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
|  | */s/ John G. Day* |
| T. Vann Pearce, Jr.<br>Steven J. Routh<br>Jasmine W. Zhu<br>Orrick, Herrington & Sutcliffe LLP<br>2100 Pennsylvania Ave. NW<br>Washington, D.C. 20037<br>(202) 339-8400 | John G. Day (#2403)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>jday@ashbygeddes.com<br>amayo@ashbygeddes.com |
| Sheryl K. Garko<br>Caroline Simons<br>Ryan Lind<br>Orrick, Herrington & Sutcliffe LLP<br>222 Berkeley Street, Suite 2000<br>Boston, MA 02116<br>(617) 880-1800 | *Attorneys for Defendant FormFactor, Inc.* |

Anri Nakamoto
Orrick, Herrington & Sutcliffe LLP
Izumi Garden Tower, 28th Floor
6-1 Roppongi 1-Chome
Minato-ku, Tokyo, 106-6028
Japan
81 3 3224 2089

David R. Medina
Orrick, Herrington & Sutcliffe LLP
355 S. Grand Ave, Ste. 2700
Los Angeles, Ca 90071

Dated:   September 4, 2024