IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TECHNOPROBE S.P.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-650-JCG |
| | ) |
| FORMFACTOR, INC., | ) |
| | ) |
| Defendant. | ) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF TECHNOPROBE S.P.A.'S PARTIAL MOTION TO DISMISS DEFENDANT FORMFACTOR INC.'S <u>COUNTERCLAIM OF NON-INFRINGEMENT</u>**

OF COUNSEL:
Mark Sommers
Houtan K. Esfahani
Jennifer Fried
Abhay Watwe
Kelly Horn
Alexander E. Harding
Milan F. Feliciello
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
*Attorney for Plaintiff*
*Technoprobe S.p.A.*

Dated: September 13, 2024

**TABLE OF CONTENTS**

Page

I.   ARGUMENT ................................................................................................................. 1

      1.   FormFactor Lacks Any Precedent For Non-Infringement Counterclaims Being Supported Solely By Alleging Deficiencies in a Complaint ............................................................................................ 2

      2.   FormFactor's Non-Infringement Counterclaim Fails to Identify Products with Sufficient Specificity ............................................................ 5

      3.   FormFactor Should Not be Granted Leave to Amend Counterclaim I ................................................................................................................ 6

II.   CONCLUSION .............................................................................................................. 7

**I.       ARGUMENT**

FormFactor's Counterclaim I is an improperly-pled affirmative defense in disguise. *See* D.I. 17 ("Technoprobe Br."), 4-5. It does not stand on well pleaded facts as a claim or counterclaim must, but instead relies solely on denying the allegations in Technoprobe's Complaint. These denials "merely place[] the facts in dispute" in Technoprobe's case-in-chief and do not provide "any facts illustrating how such denials support [the counterclaimant's] non-infringement counterclaim." *See Summers Mfg. Co., Inc. v. Tri-Cnty. AG, LLC*, 300 F. Supp. 3d 1025, 1033 (S.D. Iowa 2017) (dismissing a non-infringement counterclaim that relied solely on denials of the allegations in the complaint). FormFactor fails to grapple with this flaw entirely.

Instead, FormFactor attempts to repackage the issue as one of *specificity*, arguing irrelevantly that *Summers* involved a denial of "one or more limitations" of a set of asserted patents instead of the allegedly more specific limitations that FormFactor denies in its own counterclaim. *See* FormFactor Br., 7. But the present motion is not about specificity. Rather, it is about whether merely denying allegations can *ever* constitute "well pleaded facts," regardless of how specific they are. They cannot, and the *Summers* Court—despite being out of District—correctly recognized that. *See Summers*, 300 F. Supp. 3d at 1033 ("[t]here is a material difference between denying factual allegations and asserting them.").

FormFactor also fails to cite any authority where denying allegations made in a complaint was found to form sufficient "well pleaded facts" to support a counterclaim for a declaratory judgment of non-infringement. FormFactor even fails to cite any authority where assertions about deficiencies in pleadings are found to be *facts* rather than *legal conclusions* about the nature of the pleadings. *Compare* D.I. 22 ("FormFactor Br.") 5-6 (citing nothing for the former) *with* Motion Br. (citing F.R.C.P. 8(a)(2) for the latter). That is for good reason; no such authority exists.

1

For the reasons explained below, FormFactor's Counterclaim I for a declaratory judgement of non-infringement of the '133 patent should be dismissed.

### 1. FormFactor Lacks Any Precedent For Non-Infringement Counterclaims Being Supported Solely By Alleging Deficiencies in a Complaint

FormFactor cites *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* and *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.* as alleged examples of non-infringement counterclaims similar to its own. *See* FormFactor Br. 4-6 (citing 888 F.3d 1256, 1260; No. CV 23-675-WCB, 2024 WL 6399910). Neither case involved claims or counterclaims like FormFactor's.

*In Disc Disease*, the Federal Circuit found that the complaint met the *Iqbal/Twombly* standard because (1) the case "involves a simple technology," the (2) "complaint specifically identified the three accused products by name" and (3) "attach[ed] photos of the product packaging as exhibits." *Disc Disease*, 888 F.3d at 1260. FormFactor fails to grapple with any of these three factors or explain how or why they would apply in this case. FormFactor does not even *mention* the court's reliance on the technology being "simple" or the plaintiff's reliance on photographs specifically laying out which products would be covered by its claim. *See* FormFactor Br., 4-5.

FormFactor *has not named or identified the products* to which its Counterclaim I, if granted, would apply. FormFactor makes a passing reference to the accused products from Technoprobe's Complaint, but as currently pled FormFactor is asking for an unbounded judgment that *it* does not infringe the '133 patent with *anything*. D.I. 10 at ¶ 14 ("FormFactor is entitled to a declaratory judgment that none of the asserted claims of the '133 Patent are infringed."). FormFactor has not included any photographs or other evidence that would limit the scope of its claim or put Technoprobe on fair notice of what it seeks as a judgment of non-infringement. *See* D.I. 10 at ¶¶ 9-14. Nor has FormFactor even attempted to explain how the technology in this case can be described as "simple."

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.* is even more easily distinguished. No. CV 23-675-WCB, 2024 WL 639991, at *3 (D. Del. Feb. 15, 2024). *DSM IP Assets* involved a counterclaim for non-infringement—one that included the very thing FormFactor refuses to include here: specific pled facts. The defendant in *DSM IP Assets* affirmatively alleged, in its counterclaim, that a specific set of its products did not—as a matter of fact—practice a specific limitation involving the intrinsic viscosity of the gel used to create its colored multi-filament yarn. *See DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, No. CV 23-675-WCB, 2024 WL 639991, at *3 (D. Del. Feb. 15, 2024). The defendant did not merely state that the plaintiff's complaint failed to show that limitation. It affirmatively stated, and thus held itself out to estoppel upon, the fact that its products do not practice that limitation. *See id.* The defendant also tied its counterclaim to specific products instead of leaving its claim open-ended like FormFactor. *See id.*, at *3 (D. Del. Feb. 15, 2024) (defendant tying its counterclaim to its 'SPECTRA BIO Blue products.'"). That these two cases are the best authority FormFactor could muster is telling; there simply is no precedent for the type of unbounded counterclaim FormFactor wants the Court to grant it.

FormFactor also cites *Medtronic, Inc. v. Mirowski Fam. Ventures* to incorrectly suggest that the burden of proof on a counterclaim for non-infringement is borne by the plaintiff, in this case, Technoprobe. *See* FormFactor Br., 6-7. That is an incorrect statement of law. *Medtronic* has nothing to do with pleading standards, *Iqbal/Twombly*, or even counterclaims generally. *Medtronic* was decided before December 2015 when Rule 84 and Form 18 were abrogated in favor of *Iqbal/Twombly*. A counterclaim for non-infringement filed in a patent case must plead sufficient facts to satisfy *Iqbal* and *Twombly*, and that is—and has been since December 2015—the *pleading party's* burden. *See Idenix Pharms., Inc. v. Gilead Scis., Inc.*, Civil Action No. 13-1987-LPS, 2014

3

U.S. Dist. LEXIS 118789, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014). Here, that pleading party is FormFactor.

The defendant in *Medtronic* was a licensee to a patent who was "foreclosed from asserting an infringement counterclaim." *Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 571 U.S. 191, 191 (2014). In finding that a patentee bears the final burden of proof on infringement in a declaratory judgment case from a licensee, the Court specifically relied on the "operation of the Declaratory Judgment Act." *Id.* at 192. The present case involves neither licensees, ultimate burdens of proof, nor the Declaratory Judgment Act. *Medtronic* is wholly inapposite.

FormFactor also attempts to distinguish *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.* by suggesting that the non-infringement counterclaim in that case asserted fewer facts than FormFactor does. *See* FormFactor Br. 8-9 (citing No. CV 12-1461-LPS-CJB, 2017 WL 239326, at *5 (D. Del. Jan. 19, 2017)). First of all, FormFactor relies on the exact same boilerplate language rejected in *Princeton Digital* in not only its Counterclaim I, but also its present briefing before this Court. *See* FormFactor Br., 2 (Points 1-3 out of FormFactor's 4 "alleged . . . facts" being nearly the same conclusory language from *Princeton Digital*). Second, FormFactor wrongly frames the dispute in this case as one purely of *specificity*. That misses the point.

The fundamental issue with FormFactor's Counterclaim I is not that it does not refer to specific limitations in claims of the '133 patent. Rather, in *Princeton Digital* as here, there are no specific *facts* that have been alleged to support a finding of non-infringement. Denials of allegations in a complaint are not, in and of themselves, "facts." FormFactor cites no authority saying they are. *See* FormFactor Br., D.I. 22. Characterizations of claims are legal conclusions that, by themselves, do not support a counterclaim. *See Summers*, 300 F. Supp. 3d at 1033; *Gradient Enterprises, Inc. v. Skype Techs. S.A.*, 932 F. Supp. 2d 447, 452 (W.D.N.Y. 2013) (noting

4

that the Court does "not believe the level of detail required of a counterclaim should depend upon how much factual detail has been alleged in the complaint.").[1]

### 2. FormFactor's Non-Infringement Counterclaim Fails to Identify Products with Sufficient Specificity

FormFactor next asserts that it need not name specific products or otherwise provide any more specificity as to what Counterclaim I covers beyond what FormFactor provides along with its Amended Answer. FormFactor Br., 9-11. FormFactor simply states that "Technoprobe knows full well what are the 'accused products' or 'any FormFactor product' as referred to in the Counterclaim." FormFactor Br., 10. But that is the exact problem: Technoprobe *does not know* what "any FormFactor product" is, and the fact that FormFactor is fighting so hard to avoid simply identifying the products that will be implicated by Counterclaim I suggests that FormFactor aims to hide the nature of its products while seeking a generalized declaration that they do not infringe. As noted above, Counterclaim I is not tied to the accused products or, indeed, *any* specific products. It covers *anything* FormFactor does. *See* D.I. ¶ 10 ("FormFactor is entitled to a declaratory judgment that none of the asserted claims of the '133 Patent are infringed."), *see id.*, ¶ 12. A passing reference to Technoprobe's complaint in paragraph 11 is not enough to define the scope of relief FormFactor seeks, and FormFactor identifies no case where it was.

FormFactor's only support is *TSMC Tech., Inc. v. Zond, LLC*: an alleged example of a case where "FormFactor's reference to the accused products" was sufficient to maintain a counterclaim for non-infringement. FormFactor Br. 10, *citing* No. CV 14-721-LPS-CJB, 2014 WL 7498398, at *6 (D. Del. Jan. 8, 2014). But again, FormFactor misstates the law. The portion of *TSMC* that

---

[1] FormFactor criticizes Technoprobe for relying on *Gradient* as a Form 18 case despite relying on several such cases for its own arguments. *See, e.g.*, FormFactor Br. 7-8 (discussing *Gradient*). But the abrogation of Form 18 *raised* the pleading standard to the more stringent *Iqbal/Twombly* standard. *See Disc Disease*, 888 F.3d at 1260. Thus, cases like *Gradient* are still informative in showing what *Iqbal/Twombly* must require *at a minimum*.

5

FormFactor relies upon evaluates the referenced non-infringement counterclaim under the now-abrogated Form 18, not the heightened standard under *Iqbal/Twombly*. *TSMC* is irrelevant to this case and motion. *See TSMC*, 2014 at *5-6 (D. Del. Jan. 8, 2014) ("District Courts that have held (as this Court has) that Form 18's requirements apply to direct infringement claims have also held that those same requirements apply to claims for a declaratory judgment of noninfringement . . . ***[n]either party disputes that this is the applicable standard, and the Court will apply it here***.") (emphasis added); *see also* FormFactor Br., 10 (citing *id.* at *6).

FormFactor also fails to distinguish *ASUSTeK*. *C.f.* FormFactor Br. 10-11 (citing *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *13 (N.D. Cal. Dec. 29, 2011)). Like FormFactor, the *ASUSTeK* plaintiffs broadly sought a judgment of non-infringement without ever naming what products that judgment would cover. *Compare ASUSTeK Computer Inc. v. AFTG-TG LLC*, 2011 WL 1495240 at ¶ 51 ("the Pegatron Plaintiffs seek a judicial determination and declaration that the Pegatron Plaintiffs do not infringe, induce infringement or contributorily infringe any claim of the '222 Patent.") *with* D.I. 10 at 14 ("FormFactor is entitled to a declaratory judgment that none of the asserted claims of the '133 Patent are infringed."). Technoprobe and the Court must have fair notice as to the scope of a counterclaim, and FormFactor's does not provide it.

### 3. FormFactor Should Not be Granted Leave to Amend Counterclaim I

FormFactor finally asks the Court to grant it leave to amend Counterclaim I to attempt to belatedly fix the issues identified by Technoprobe. *See* FormFactor Br., 11. For the reasons laid out in more detail below, the correct remedy in this case is a dismissal of FormFactor's non-infringement counterclaim.

As noted in its opening brief, D.I. 17, 4, Technoprobe asked FormFactor to amend Counterclaim I to plead supporting facts, but FormFactor refused to do so. *See* Exhibit A at 1. More importantly, allowing FormFactor to amend its counterclaim for non-infringement at this stage would reward it for wasting the resources of both Technoprobe and the Court when it already had (1) notice of the insufficiency of its pleading and (2) the opportunity to amend its counterclaim.

This is not a case where parties differ on the sufficiency of FormFactor's as-pleaded facts. FormFactor *did not plead facts* as to why FormFactor does not infringe the '133 patent and FormFactor continues to refuse to define the scope of its non-infringement Counterclaim I even though it knows exactly what products it offers. There is simply no reasonable basis for FormFactor to have pled Counterclaim I, and even less of a basis to refuse to amend Counterclaim I when FormFactor has been given ample opportunity to do so. When given the opportunity to amend, FormFactor did not provide any specific basis for the sufficiency of Counterclaim I, forcing Technoprobe to file this motion.

## II.   CONCLUSION

For the foregoing reasons, Technoprobe respectfully requests that the Court dismiss FormFactor's Counterclaim Count I for a declaratory judgement of non-infringement of the '133 patent.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Andrew E. Russell* |
|  | Andrew E. Russell (No. 5382) |
|  | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Mark Sommers | 1105 North Market Street, 12th Floor |
| Houtan K. Esfahani | Wilmington, DE 19801 |
| John C. Paul | (302) 298-0700 |
| Jennifer E. Fried | arussell@shawkeller.com |
| Abhay A. Watwe | *Attorneys for Plaintiff Technoprobe S.p.A.* |
| Kelly S. Horn |  |
| Alexander E. Harding |  |
| Milan F. Feliciello |  |
| FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |  |
| 901 New York Avenue, NW |  |
| Washington, DC  20001-4413 |  |
| (202) 408-4000 |  |

Dated: September 13, 2024